**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| **Jong Cheon LEE,**<br>10007 Bent Tree Lane,<br>Manassas, VA 20111,<br><br>        Plaintiff,<br>   -against-<br><br>**Agape Health Management Inc.,**<br>6349 Lincolnia Road,<br>Alexandria, VA 22312,<br>**SERVE: Dong Chul CHOI, Registered Agent**<br>6349 Lincolnia Road,<br>Alexandria, VA 22312,<br><br>**Dong Chul CHOI,**<br>6349 Lincolnia Road,<br>Alexandria, VA 22312,<br><br>AND<br><br>**Sun Ok LEE,**<br>6349 Lincolnia Road,<br>Alexandria, VA 22312,<br>        Defendants. | Civil Action Number: **TBD**<br><br>**JURY TRIAL REQUESTED** |

**COMPLAINT**

Plaintiff, Jong Cheon Lee, by his attorney (Michael) Hyunkweon Ryu, as and for his Complaint herein, allege the following:

**Nature of Action**

1. Plaintiff is a former employee of Defendants Agape Health Management, Inc. (doing business as and also known as Agape), Dong Chul CHOI and Sun Ok LEE respectfully submit this Complaint alleging that Defendants intentionally and willfully violated the overtime provisions of the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*, (the "FLSA").

1

### Jurisdiction

2. This Court has jurisdiction over the federal law claim asserted in this action under 28 U.S.C. § 216(b) and 28 U.S.C. § 1331.

### Venue

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) since Defendants have their place of business in this District, and the unlawful acts occurred herein.

### Parties and Facts

4. Defendant Agape at all relevant times was in the business of adult day care services, and adult home care services.

5. With regard to the adult day care center services, the adults come to the adult day care center located in Annandale, Virginia and participate in activities and eat lunch with companions.

6. With regard to the adult home care services, the agents of Agape went to the individual adults' residences and provided companionship, care and assistance to them.

7. As a variation of the adult home care services, the agents of Agape provided companionship, care and assistance to the individual adults residing in Agape's facility at 6349 Lincolnia Road, Alexandria, VA.

8. The federal as well as state government pays for the services through Medicaid.

9. Defendant Agape at all relevant times while conducting its business of adult day care center services and adult home care services purchased, and used or sold items such as diapers, utensils, and food materials, produced in places outside of Virginia, including foreign countries such as China, for the purpose of interstate commerce.

10. Upon information and belief, at all relevant times, the annual gross sale of Defendant Agape, including the gross dollar volume (not limited to income) derived from all sales and business transactions including gross receipts from service, credit, or other similar charges, excluding internal transactions, if any, and excluding any excise taxes at the retail level which were stated separately exceeded $500,000.00.

11. The limitation period was tolled by agreements.

12. The limitation period has to be equitably tolled.

13. Plaintiff Jong Cheon Lee worked at Agape for Defendants from on or about August 2013 until on or about August 2020 as personal care aide, giving companionship, care, and assistance to daily activities including rides and feeding food.

14. He worked at least 17 hours per day from Monday to Saturday.

15. He worked at least 10 hours on Sunday.

16. His regular rate was initially $10.50 per hour while working as a personal care aid.

17. His regular rate was initially $12 per hour while working at the day care center.

18. The principal of the total unpaid overtime wages for Plaintiff LEE is approximately around $55,287.00.

19. Plaintiff regularly worked more than 40 hours a week while employed by Defendants but was never paid the proper amount of overtime wages.

20. Plaintiff was at all relevant times an individual employed in the State of Virginia by Defendants.

21. Plaintiff was at all relevant a non-exempt employee within the meaning of the FLSA, and the implementing rules and regulations of the FLSA while working for Defendants times.

22. Plaintiff was required to report to work for Defendants at a certain time.

23. Plaintiff were engaged in interstate commerce due to the nature of their work, including but not limited to handling goods placed in interstate commerce, or providing his labor to achieve the goal of a health care program which is a part of a federally funded plan.

24. Defendant Sun Ok LEE was at all relevant times the owner, Chairman and CEO of the corporate Defendant Agape.

25. Defendant Sun Ok LEE at all relevant times managed, supervised, established and administered the terms and conditions of Plaintiffs' employment.

26. Defendant Sun Ok LEE at all relevant times participated in and approved of the unlawful pay practices of the corporate Defendant Agape.

27. Defendant Sun Ok LEE was at all relevant times involved in assigning work to Plaintiff.

28. Defendant Sun Ok LEE at all relevant times had the power and authority to discipline Plaintiffs.

29. Defendant Sun Ok LEE at all relevant times exercised authority over the terms and conditions of Plaintiffs' employment, including the amount and manner of the payments to Plaintiff.

30. Defendant Sun Ok LEE hired Plaintiffs.

31. Defendant Dong Chul CHOI was at all relevant times the President of the corporate Defendant Agape.

32. Defendant Dong Chul CHOI at all relevant times managed, supervised, established and administered the terms and conditions of Plaintiffs' employment.

33. Defendant Dong Chul CHOI at all relevant times participated in and approved of the unlawful pay practices of the corporate Defendant Agape.

34. Defendant Dong Chul CHOI was at all relevant times involved in assigning work to Plaintiff.

35. Defendant Dong Chul CHOI was at all relevant times involved in paying Plaintiff.

36. Defendant Dong Chul CHOI at all relevant times had the power and authority to discipline Plaintiff.

37. Defendant Dong Chul CHOI at all relevant times exercised authority over the terms and conditions of Plaintiffs' employment, including the amount and manner of the payments to Plaintiff.

38. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

39. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

40. Defendants held Plaintiff out as an employee.

41. At all relevant times, the acts and omissions of Defendants, and each of them, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and damages alleged herein.

42. At all relevant times, Defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or omissions of the other Defendants complained of herein.

43. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages as herein alleged.

44. Defendants failed to pay Plaintiff for overtime compensation for hours worked in excess of 40 hours per workweek.

45. Upon information and belief, Defendants never obtained legal advice that their overtime pay practices and/or policies were compliant with state and federal wage-hour laws prior to the time of filing of this complaint.

46. Upon information and belief, Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies prior to the time of filing of this complaint.

47. Defendants manipulated the pay stubs to hide the true regular rate and hours worked.

48. Defendants' failure to properly pay Plaintiff for overtime wages was intentional and willful.

## Count I: Violation of FLSA

49. All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

50. Plaintiff is entitled to overtime pay under the Fair Labor Standards Act, 29 U.S.C. §§ 206-207.

51. Defendants violated the provision of the Fair Labor Standards Act by failing and refusing in a willful and intentional manner to pay Plaintiff all overtime compensation due to him under the FLSA and its implementing regulations.

52. Plaintiff has been damaged by the said violation by Defendants in an amount presently to be determined at the trial of this action.

53. By reason of the aforesaid violations of the FLSA, Defendants are liable to Plaintiff in an amount equal to the unpaid overtime, which is at the rate of not-less-than one and one-half (1.5) times of Plaintiff's regular hourly wage rate, unpaid overtime penalties/liquidated damages, all other applicable penalties and liquidated damages, attorney's fees and costs, and pre-and post-judgment interest.

**Count II: Retaliation**

54. In or about July 2020, Plaintiff received a group message via Kakaotalk from Defendants that the adult day care center will reopen for its on-site services. It was temporarily closed due to COVID-19.

55. On the second or third day of Plaintiff's returning to work at the adult day care center, Defendant Sun Ok LEE told Plaintiff to go to Defendant Dong Chul CHOI's office with her.

56. At the office with Defendant Choi together, Defendant Sun Ok LEE asked Plaintiff if he received back wages and liquidated damages for FLSA violations.

57. Plaintiff confirmed the receipt of the payment.

58. And, Defendant Dong Chul CHOI said "돈 받은거 안다, 내가 싸인해서 돈 나가게 했다." and added "당신 돈 받았으니까 우린 이걸로 됐으니까, 그만두세요." which means Defendant CHOI knew that Plaintiff received the back wage because Defendant CHOI signed the check(s) and as a result, that ended their relationship and told Plaintiff to not to work any longer.

59. In fact, as soon as Defendant Lee asked Plaintiff to come to the office to talk with Defendant Choi, Plaintiff already felt this was going to happen.

60. In or about January 2021, Plaintiff met with a former colleague who also received such a payment for FLSA violations from Defendants.

61. There was an investigation by Department of Labor prior to 2021, and Defendants were ordered to make payments for Defendants' FLSA violations.

62. Plaintiff learned that the former colleague was fired because she refused to return the said payment for FLSA violations. Defendants Sun Ok LEE and Dong Chul CHOI told her to return the half of payments, but she refused and as the retaliation for not returning the payment made for FLSA violations, she was fired.

63. As such, Plaintiff knew that Defendants Choi and Lee wanted to hear that Plaintiff would return the half of the payment, but he did not want to do that, so he just affirmed the receipt and did not say anymore.

64. And, as the result of Plaintiff's receipt of the payment without returning it, Defendants fired Plaintiff.

65. As such, Defendants have violated Section 15(a)(3) by coercing certain of their employees, through threats and intimidation, to kick back or return compensation to which the employees were entitled under the FLSA.

66. As a result of Defendants' retaliatory conduct, a reasonable employee would be dissuaded from engaging in activities protected under the Act, such as asserting their right to receive proper compensation or cooperating with an investigation by the Secretary into violations of the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of themselves pray for the following relief:

a. awarding Plaintiff LEE money damages for the amount of not less than $55,287 against Defendants jointly and severally; equal amount liquidated damages; and also

lost wages, punitive damages from retaliation, and reasonable attorney's fees, and cost; and

b. awarding Plaintiffs further relief deemed just and equitable by this Honorable Court.

### REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests that a jury of their peers hear and decide all possible claims brought on behalf of Plaintiff and those similarly situated.

Respectfully submitted,

By Jong Cheon Lee,

Through his counsel:

/s/(Michael) Hyunkweon Ryu
(Michael) Hyunkweon Ryu
Ryu & Ryu, PLC
Attorney for Plaintiffs
301 Maple Ave West
Suite 620
Vienna VA 22180